[No. B046233. Second Dist., Div. Four. May 10, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK ROBINSON, Defendant and Appellant.

**COUNSEL**

Robert Derham, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney

General, Robert F. Katz and Thomas L. Willhite, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GOERTZEN, J.**—Appellant Frank Robinson was convicted of first degree robbery pursuant to California Penal Code section 211 on May 29, 1975. The jury found that he had acted as an aider and abettor to the crime. Because he had fled from the jurisdiction during the course of trial, sentencing did not take place in this matter until appellant was apprehended more than 14 years later. On October 20, 1989, he was sentenced to a term of five years to life imprisonment.

Appellant appeals from the judgment contending the court prejudicially erred in instructing the jury regarding the definition of aiding and abetting, and that the trial court erred in not admitting an exculpatory hearsay statement under the exception for declarations against interest.

### FACTUAL BACKGROUND

On November 14, 1973, at approximately 10 p.m., Stephan Hayashi, a grocery manager, was preparing to close the Foods Company Market located at 11020 South Vermont Avenue in Los Angeles. There appeared to be no customers in the store at this time. At approximately 10:15 p.m., James Hawkins,[1] holding a gun, pushed open the door to the market deli and pushed security officer Mark Collins inside. Hawkins forced a box boy, George Hall, into the deli cold room and handcuffed him, using handcuffs Hawkins carried. Hawkins then forced Hayashi, Collins, and Willie Rise, a stock person who was in the store at the time, to the front of the store to a booth where money was kept. At this time, Hawkins was holding two guns—one in each hand. Hawkins ordered Hayashi to open the store safe and to empty all of the money into a canvas bag which Hawkins had taped to his body. Hawkins also took some rolled bills. He then handcuffed together the market employees and told them to lie on the floor. Hayashi pressed a silent alarm, and the police soon arrived, followed by members of the sheriff's department.

At approximately 10:30 p.m. Los Angeles County Deputy Sheriffs Barnes and Lamascus were travelling eastbound on 110th Street, about one and one-half to two blocks from the location of the robbery. The two deputies

---

[1] James Hawkins is not a party to this appeal.

noticed an approaching car driving away from the market with its head-lights off. It was a 1970 white Cadillac convertible. The driver of the car then flashed the headlights on and off and swerved radically from one side of the road to the other.[2] The deputies stopped the car and approached. Inside of the car, the deputies observed a male adult in the right front seat. The deputies identified this man at trial as Hawkins. The driver of the car, whom the deputies later identified as appellant, got out of the car and approached Lamascus.[3] While appellant was speaking with Lamascus, Barnes looked inside of the Cadillac. On the floorboard behind the passenger's seat, he saw an open blue canvas bag with money and the butt of a handgun sticking out of it.

The deputies began to question appellant about his whereabouts that evening. Appellant told them that he had been at the Foods Company Market to pick up the security guard to whom he gave a ride home every night. Appellant said that Hawkins had jumped into the car with a gun and told him to drive off.

A subsequent search of the car recovered a ski mask, a keyring containing 19 keys, a blue apron, a hat, a pair of gloves, and a leather pouch.

### PROCEDURAL HISTORY

An information was filed on March 22, 1974, by the Los Angeles County District Attorney charging appellant, Hawkins and Collins with robbery in violation of section 211 of the California Penal Code.[4]

On May 22, 1975, following an unsuccessful Penal Code section 1538.5 motion to suppress the evidence, a jury was impaneled, and the trial was continued to May 27, 1975.

On May 27, appellant and Hawkins failed to appear for trial. The court found them to be voluntarily absent and proceeded in their absence.[5] Their bail was forfeited and bench warrants were issued. Appellant and Hawkins

---

[2] When later questioned about this, appellant told the deputies that he was hitting his dimmer switch and that his lights "must be screwed up someplace."

[3] As Hawkins and appellant had fled the jurisdiction before trial, these identifications were accomplished by referring to the identification at the preliminary hearing.

[4] There is no record of proceedings against Mr. Collins as part of this appeal.

[5] California Penal Code section 1043, subdivision (b)(2) provides that when a felony defendant voluntarily absents himself, a trial may proceed in his absence.

were tried in absentia, and on May 29, 1975, the jury convicted them of first degree robbery. The prosecution had argued that Hawkins committed the robbery and appellant aided and abetted the robbery by driving the get-away car. The court found that pursuant to Penal Code section 1193[6] sentencing could not proceed while the men remained absent. The judge ordered the bench warrants to remain outstanding.

Appellant was apprehended on or about September 22, 1989. He filed a motion for a new trial on October 20, 1989, on various due process grounds. This motion was denied. Appellant was sentenced to a term of 5 years to life, with credit for 48 days time served, which included 32 days good time/work time. Appellant's notice of appeal from entry of this judgment was timely filed.

## BEEMAN ERROR

■ Appellant contends the court committed reversible error by failing to instruct the jury that it must find appellant intended to aid and abet the robbery perpetrated by codefendant Hawkins, rather than merely finding that appellant acted with knowledge of the defendant's crime. The jury was instructed pursuant to CALJIC Nos. 3.00 and 3.01 (1974 rev.).[7] In 1984, the California Supreme Court issued its opinion in *People* v. *Beeman* (1984) 35 Cal.3d 547 [199 Cal.Rptr. 60, 674 P.2d 1318], which concluded that proof was required "that an aider and abettor act with knowledge of the criminal purpose of the perpetrator *and* with an intent or purpose either of committing, or of encouraging or facilitating commission of, the offense. [Citations.]" (*Id.*, at p. 560, italics in original.) The court held that CALJIC No. 3.01 inadequately defined aiding and abetting because it permitted conviction upon a finding of an intentional act which aids without requiring a finding of an intent to encourage or facilitate the criminal offense. (*Id.*, at pp. 560-561.) In *People* v. *Croy* (1985) 41 Cal.3d 1, 12 [221 Cal.Rptr. 592, 710 P.2d 392], the California Supreme Court held that "[b]ecause *Beeman* resolved a conflict among decisions of the Court of Appeal, that decision applie[d] to cases not yet final at the time of that decision. [Citation.]"

---

[6]This section provides a trial judge with discretion to postpone sentencing until a defendant is present.

[7]CALJIC No. 3.00 then provided that: "All persons concerned in the commission of a crime who either directly and actively commit the act constituting the offense or who with knowledge of the unlawful purpose of the perpetrator of the crime aid and abet in its commission or, whether present or not, who advise and encourage its commission, are regarded by the law as principals in the crime thus committed and are equally guilty thereof."

CALJIC No. 3.01 then provided that: "A person aids and abets the commission of a crime if, with knowledge of the unlawful purpose of the perpetrator of the crime, he aids, promotes, encourages or instigates by act or advice the commission of such crime."

Appellant contends because he was not sentenced until October 1989, his case was not final at the time the *Beeman* opinion was issued, and that the decision therefore applied to his case.

While respondent concedes that the instruction was erroneous under *Beeman*, respondent persuasively argues that it would be unfair and bad policy to apply the ordinary assumption of retroactive application and reward appellant for his wrongdoing. (See *Newman v. Emerson Radio Corp.* (1989) 48 Cal.3d 973, 983[258 Cal.Rptr. 592, 772 P.2d 1059].) Respondent notes that "the only reason appellant's case did not become final in the nearly nine years between his conviction and the decision in *Beeman* [was] because appellant absconded." These unusual facts appear to present an issue of first impression not considered in *Croy* and justify a departure from the traditional rule of retroactivity. We therefore hold under the facts of this case, appellant should not be permitted to gain the benefit of the ruling in *Beeman* as it would be "inherently offensive to the judicial process." (See *People v. Brych* (1988) 203 Cal.App.3d 1068, 1077 [250 Cal.Rptr. 402].)

### EXCLUSION OF HAWKINS'S STATEMENT

After ordering appellant to stop his car and while questioning him about his whereabouts that evening, Hawkins was asked to get out of the car. When asked to do so, Hawkins stated that appellant "had nothing to do with it." The prosecution objected to the introduction of this statement as hearsay and argued that Hawkins was referring to an argument that he had had with his girlfriend, that Hawkins admitted hitting his girlfriend and was claiming appellant had nothing to do with that incident. Appellant's counsel argued that the statement constituted a declaration against penal interest and was admissible as an exception to the hearsay rule. The court excluded the statement ruling that the "statement against penal interest must be a statement involving the defendant in the crime charged and not some other crime."

■ Appellant's contention that the court erred in excluding the statement is without merit. Apart from whether the court's decision was based on an erroneous rule of law, the statement was inadmissible as untrustworthy. The statement was self-serving as an attempt by Hawkins to exculpate himself from the robbery and admit guilt to a less serious crime and there was no error in refusing to allow the testimony. (See *In re Gregory S.* (1980) 112 Cal.App.3d 764, 780 [169 Cal.Rptr. 540]; *People v. Shipe* (1975) 49 Cal.App.3d 343, 353 [122 Cal.Rptr. 701].)

## DISPOSITION

The judgment is affirmed.

Woods (A. M.), P. J., and Epstein, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 15, 1991.